In re CONVENIENCE USA, INC., et al., Debtors.

U.S. Restaurant Properties, Inc., U.S. Restaurant Properties Operating, L.P., USRP (Gant 1), LLC, USRP (Gant 2), LLC, USRP (Gant 3), LLC, USRP (Gant 4), LLC, USRP (Gant 5), LLC, USRP (Gant 6), LLC, Appellants,

v.

Convenience USA, Inc., et al. and La-Salle Bank National Association, Trustee, Appellees.

Nos. 01–81478 to 01–81489.
Civ. No. 1:03 CV 00515.

United States District Court, M.D. North Carolina.

Sept. 7, 2004.

John A. Northen, Chapel Hill, NC, Richard M. Hutson, II, Durham, NC, for Debtors.

Judy D. Thompson, Poyner & Spruill, S. Andrew JursM Charlotte, NC, Thomsen Young, Hamid R. Rafatjoo Los Angelos, CA, for Creditor Committee.

## MEMORANDUM OPINION

TILLEY, Chief Judge.

This appeal arises out of the bankruptcy case of Appellees, Convenience USA, Inc., et al. ("Debtors"), pending in the United States Bankruptcy Court for the Middle District of North Carolina. The case involves a bankruptcy reorganization plan that includes an assignment of fifteen of Appellant landlord's leases. This matter is currently before the Court on Appellees' Motion to Dismiss Appeal [Doc. # 5]. For the reasons set forth below, the Appellees' Motion will be GRANTED.

### I.

On July 29, 1999, Debtor Gant Acquisition, LLC, entered into a single lease with U.S. Restaurant Properties, Inc. ("USRP"), for twenty-seven separate and distinct convenience store locations. On February 12, 2002, the Bankruptcy Court entered an order finding that the "Master Lease" between USRP as landlords and Gant Acquisition, LLC, as tenant was divisible into twenty-seven separate and distinct leases and permitting the Debtors to reject six of the leases covered by the

Master Lease ("First Rejection Order"). USRP appealed the First Rejection Order, but it did not seek a stay pending the appeal in either the Bankruptcy Court, this Court, or the United States Court of Appeals for the Fourth Circuit ("the Fourth Circuit"). In the absence of a stay, the Debtors closed the convenience stores at the six locations and surrendered possession to USRP.

On October 21, 2002, the Bankruptcy Court entered another Order that permitted the Debtors to reject another six leases covered by the Master Lease ("Second Rejection Order"). USRP filed an appeal of the Second Rejection Order but again did not seek a stay in any court. Following the Second Rejection Order, the Debtors surrendered possession of these six locations to USRP.

On December 19, 2002, in reliance upon the First and Second Rejection Orders, the Debtors negotiated and filed a consensual resolution of their business affairs in the Amended Joint Plan of Reorganization (the "Plan"). USRP objected to the Plan. Although USRP presented arguments at the confirmation hearing objecting to the Plan, the Bankruptcy Court confirmed the Plan on February 12, 2003.

On February 14, 2003, USRP initiated the appeal currently before this Court, which objects only to the portion of the Plan that provides for the assumption and assignment of the fifteen remaining USRP stores pursuant to §§ 365 and 1123(b)(2) of the Bankruptcy Code. No other party to these proceedings filed an appeal relating to the Plan.

On February 14, 2003, USRP also filed a Motion for Stay Pending Appeal ("Stay Motion"). The Bankruptcy Court denied the Stay Motion on February 21, 2003. USRP appealed the denial of the Stay Motion to this Court and requested that this Court stay consummation of the Plan with regard to the remaining fifteen stores leased from USRP pending the resolution of its appeals. On March 18, 2003, this Court in a single Order affirmed the First and Second Rejection Orders and denied USRP's Stay Motion. USRP then filed a Notice of Appeal initiating an appeal of the First and Second Rejection Orders to the Fourth Circuit. Because USRP did not appeal the denial of the Stay Motion, the Debtors began to consummate the Plan. On March 21, 2003, the Debtors closed the transactions contemplated by the Plan by transferring substantially all of their assets and beginning to make distributions to claimants.

On July 29, 2003, the Debtors and LaSalle filed their Joint Motion to Dismiss the Appeal currently pending before this court. Similarly, on September 3, 2003, the Debtors and LaSalle filed a Joint Motion to Dismiss the Fourth Circuit Appeal. The basis of both Motions was that each appeal was rendered equitably moot by the substantial consummation of the Plan.

On January 14, 2004, the Fourth Circuit granted the Debtors and LaSalle's Joint Motion to Dismiss the Appeal. USRP did not file a timely motion for reconsideration or for rehearing *en banc* with the Fourth Circuit. On March 24, 2004, USRP did file a petition for writ of certiorari with the United States Supreme Court. But by letter dated May 17, 2004, the Clerk of the United States Supreme Court informed the parties that the petition for writ of certiorari had been denied.

## II.

The doctrine of equitable mootness is "a pragmatic principle, grounded in the notion that, with the passage of time after a judgment in equity and implementation of that judgment, effective relief on appeal becomes impractical, imprudent,

and therefore inequitable." *Mac Panel Co. v. Virginia Panel Corp.*, 283 F.3d 622, 625 (4th Cir.2002). The doctrine of equitable mootness is applied principally in bankruptcy proceedings because of the equitable nature of bankruptcy judgments. *Id.* Equitable mootness is often invoked when it becomes "impractical and imprudent to upset the plan of reorganization at this later date." *Id.* Because the doctrine is one of practicality and prudence, its application does not employ rigid rules. The Fourth Circuit has enumerated four factors that a court should consider: (1) whether the appellant sought and obtained a stay; (2) whether the reorganization plan has been substantially consummated; (3) the extent to which the relief requested on appeal would affect the success of the reorganization plan; and (4) the extent to which the relief requested would affect third parties. *Id.*

■ When the Fourth Circuit was presented with the nearly identical factual background and record that is now before this Court, the Fourth Circuit granted the Debtors and LaSalle's Joint Motion to Dismiss the Appeal as equitably moot. The Fourth Circuit's dismissal constitutes subsequently decided binding authority on this Court. Despite the normal flexibility of the doctrine, because of the unique procedural stance of this case the Fourth Circuit's finding of equitable mootness requires this Court to GRANT Appellees' Motion to Dismiss the Appeal.

### III.

For the reasons set forth above, Appellees' Motion to Dismiss the Appeal will be GRANTED.

### JUDGMENT

For the reasons stated in a contemporaneously filed Memorandum Opinion, Appellees' Motion to Dismiss Appeal [Doc. # 5] is GRANTED on the grounds that substantial consummation of the Debtor's Plan of Reorganization has rendered the appeal equitably moot.